## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**DANIEL LANPHERE,**                    )
                                        )
      **Plaintiff,**                )
                                        )
**v.**                                  )     **Case No.:**
                                        )
**AUTOSCRIBE CORPORATION,**             )
                                        )
                                        )
      **Defendant.**                )
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Daniel Lanphere (hereinafter "Plaintiff" or "Lanphere") and files his complaint against Defendant, Autoscribe Corporation (hereinafter "Defendant" or "Autoscribe") and in support he states the following:

### NATURE OF THE ACTION

1.      This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. ("FCRA") to redress Defendant's discrimination against Plaintiff because of his sexual orientation leading to his termination.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising

under state law pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5.      Plaintiff, Lanphere, is a citizen of the United States and at all times material was a citizen of the State of Florida.

6.      Defendant, Autoscribe, is a Florida For-Profit Corporation with its principal place of business in Duval County, Jacksonville, Florida.

7.      Defendant does business in this District at its 5360 NW 20th Terrace, Suite 205, Fort Lauderdale, Florida 33309 location.

8.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On or about July 12, 2018, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sexual orientation and sex.

11.     Plaintiff's EEOC charge was filed within three hundred days after the unlawful employment practices occurred.

12.     On July 10, 2023, the EEOC issued Plaintiff a Notice of Right to Sue.

13.     This complaint was filed within ninety (90) days of the EEOC's issuance of the

2

Notice of Right to Sue.

## **FACTUAL ALLEGATIONS**

14.     Plaintiff is a homosexual male, as Defendant is aware.

15.     Plaintiff was employed by Defendant and worked in a full-time position as Vice President of Sales at the time of his termination.

16.     Plaintiff was employed by Defendant since on or about September 5, 2017.

17.     Defendant discriminated against Plaintiff due to his sexual orientation.

18.     In late 2017, Plaintiff confided with two management level employees, the General Manager and the Human Resources Manager for Defendant, about his sexual orientation.

19.     During this conversation, Plaintiff was informed that he should not inform Robert Pollin, CEO for Defendant, of his sexual orientation because he is "not a Liberal guy."

20.     Shortly thereafter, Plaintiff was approached by another employee that asked if Plaintiff was gay.

21.     Plaintiff found this odd, as Plaintiff did not understand how the employee became aware of what his sexual preference had to do with Plaintiff's work.

22.     In early 2018, Plaintiff married his partner and added him to Defendant's health insurance plan.

23.     Following the marriage, it became common knowledge in the workplace that Plaintiff was gay.

24.     Shortly thereafter, Plaintiff was terminated under pretext.

25.     The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

26.     Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

27.     The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

28.     The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

29.     Plaintiff has been harmed by Defendant's illegal conduct.

30.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

<u>**Count I: Sexual Orientation Based Discrimination in Violation of Title VII**</u>

31.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

32.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sexual orientation, homosexual.

33.     Defendant violated Title VII by discharging and discriminating against Plaintiff based on his sexual orientation.

34.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

35.     Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Sex-Based Discrimination in Violation of Title VII

36.     Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-30 above.

37.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male.

38.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of his sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39.     Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on his sex as compared to female employees.

## Count III: Retaliation in Violation of Title VII

40.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

41.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

42.     Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

43.     Defendant's conduct violated Title VII.

44.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

45.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

46.     Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**<u>Count IV: Sexual Orientation Based Discrimination in Violation of the FCRA</u>**

47.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 30 above.

48.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his sexual orientation with regard to hiring, employee compensation, and other terms, conditions, and privileges of employment.

49.     Defendant violated the FCRA by discriminating against Plaintiff based on his sexual orientation.

50.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

51.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's

civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count V: Sex Based Discrimination in Violation of the FCRA

52.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 30 above.

53.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his sex with regard to hiring, employee compensation, and other terms, conditions, and privileges of employment.

54.     Defendant violated the FCRA by discriminating against Plaintiff based on his sex.

55.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

56.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count VI: Retaliation in Violation of the FCRA

57.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

58.     Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

59.     Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

60. Defendant's conduct violated the FCRA.

61. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 099040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*